IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **GMAC Inc., a Delaware corporation** | : | |
| **f/k/a GMAC LLC, a Delaware limited** | : | |
| **liability company f/k/a General** | : | |
| **Motors Acceptance Corporation,** | : | |
| | : | |
| Plaintiff, | : | 5:09-CV-309 (CAR) |
| | : | |
| v. | : | |
| | : | |
| **EDWARD J. WIGGINS, SR.,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

*ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM*

Before the Court is Plaintiff GMAC Inc.'s (GMAC) Motion to Dismiss Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 12]. GMAC moves for dismissal of Defendant/Counter Plaintiff Edward J. Wiggins, Sr.'s counterclaim on grounds that it fails to state a claim upon which relief can be granted. Defendant did not respond to the Motion despite an Order from this Court directing Defendant to do so. See Order docketed on January 15, 2010. Upon review of the Motion and the applicable law, the Court finds Defendant's counterclaim fails to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). Thus, Plaintiff's Motion is **GRANTED**, and Defendant's counterclaim is hereby DISMISSED.

1

## BACKGROUND

As set forth in the Complaint, Plaintiff filed this case seeking to recover funds it contends it is owed under a personal guaranty of Defendant in which he agreed to guaranty the debts of Performance Automotive Group, LLC ("Performance"). Performance was an automotive dealership in Warner Robins, Georgia. In order for Performance to acquire vehicles to sell to the public, Performance requested GMAC to provide financing to Performance so that it could purchase vehicles from manufacturers and distributors. Accordingly, Performance and GMAC entered into a Wholesale Security Agreement which required Performance to promptly remit to GMAC the proceeds from the sale or lease of each vehicle financed by GMAC under the Agreement. As a requirement to providing financing to Performance, GMAC also required Defendant to enter into an unconditional guaranty of the payment of all Performance's indebtedness to GMAC, including any debt owed under the Agreement. Defendant executed the Guaranty on November 16, 1998.

Plaintiff contends that Performance breached its obligations to GMAC under the Agreement and is indebted to GMAC in an amount no less than $521,062.35. Because Performance has failed and refused to pay the amounts it owes under the Agreement, GMAC contends that Defendant, as guarantor is liable for all the amounts owed.

## DISCUSSION

In considering dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff.  See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam).  However, the court is not required to accept the plaintiff's conclusions of law.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). To survive a motion to dismiss a plaintiff's must include "enough facts to state a claim to relief that is plausible on its face." Id.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Iqbal, 129 S. Ct. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In this case, Defendant only provides conclusory allegations and fails to include

enough facts to state a plausible claim for relief. Indeed, the entirety of Defendant's counterclaim consists of only two paragraphs that fail to give any indication what claim for relief is being alleged against GMAC. Rather than an assertion of a claim for relief, the counterclaim is simply a short explanation why Performance was unable to meet its financial obligations to GMAC and unable to continue the operation of its dealership. Defendant fails to articulate any legal theory upon which he may recover against GMAC, fails to allege any claim for relief, and thus fails to provide any notice to GMAC of the nature of the legal claims asserted against it. While Defendant claims GMAC "intentionally or negligently caused Performance to default in its obligations to Plaintiff and impaired the collateral to the Defendant's detriment and increased the Defendant's liability to Plaintiff," Defendant fails to allege any elements of any contractual obligation, any intentional tort or negligence, or any duty owed or breached by GMAC. Thus, Defendant's counterclaim must be dismissed.

For the reasons stated above, the Court **HEREBY GRANTS** Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b) [Doc. 12].

**SO ORDERED**, this 17th day of February, 2010.

S/ C. Ashley Royal  
C. ASHLEY ROYAL,  
UNITED STATES DISTRICT JUDGE

SSH